IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-0150-06 |
| | § | |
| MARVIN ARTURO | § | (Civil Action No. H-07-4582) |
| PERALTA-RAMIREZ | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Marvin Arturo Peralta-Ramirez ("Peralta-Ramirez"), to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 437). The Government has answered with a motion to dismiss, arguing that Peralta-Ramirez is not entitled to relief under § 2255. (Doc. # 450). Peralta-Ramirez has filed a reply. (Doc. # 451). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-07-4582) for reasons set forth below.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On April 15, 2004, a federal grand jury in this district returned a four-count indictment against Peralta-Ramirez and six others, charging them with conspiracy and assorted offenses stemming from an alien smuggling venture in which several foreign nationals were held against their will for ransom. That indictment charged the defendants with conspiracy to

conceal, harbor, shield, and transport illegal aliens within the United States for commercial advantage and private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)–(B) (counts one, two, and three). The indictment further charged the defendants with conspiracy to commit hostage taking by seizing, detaining, and threatening the illegal aliens in order to compel others to pay a sum of money — *i.e.*, a ransom — as an explicit and implicit condition for their release in violation of 18 U.S.C. § 1203(a) and 18 U.S.C. § 2 (count four). On September 2, 2004, the grand jury returned a superseding indictment against Peralta-Ramirez and his co-defendants, adding charges of aiding and abetting a hostage taking for ransom in violation of 18 U.S.C. § 1203(a) and 18 U.S.C. § 2 (count five).

On October 25, 2004, a jury found Peralta-Ramirez and his co-defendants guilty as charged on all five counts alleged in the superseding indictment. The jury subsequently returned a supplemental verdict as to counts one, two, and three, finding beyond a reasonable doubt that the offense involved between six and twenty-four aliens and that a firearm was brandished or otherwise used and possessed during the offense. As to counts four and five, the jury found beyond a reasonable doubt that offense involved a demand for ransom and the use of a dangerous weapon in connection with the crime of hostage taking.[1]

After the jury returned its verdict, the Court instructed the Probation Department to

---

[1]     *See* Supplemental Verdict Form. (Doc. # 177). The Court requested supplemental findings by the jury in an abundance of caution in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Only shortly before Peralta-Ramirez's sentencing in this case, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the United States Sentencing Guidelines were advisory and that the Court, rather than a jury, was to decide sentencing issues after a trial.

prepare a presentence report ("PSR") for the purpose of determining punishment under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Because Peralta-Ramirez was convicted of multiple counts of related offenses arising under different statutes, his sentence was determined using the grouping provisions found in § 3D1.2 of the Guildelines. Under § 3D1.2, the offense level for the most serious of the counts among the group, *i.e.*, the count resulting in the highest offense level, determines the relevant Guideline base offense level.

The most serious count of conviction in Peralta-Ramirez's case was count four, in which he was convicted of conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a). Using the relevant Guidelines provision for hostage-taking offenses, § 2A4.1, the Probation Department determined that Peralta-Ramirez's base offense level was 32. Because the jury found beyond a reasonable doubt that a demand for ransom was made during the commission of the offense, the Probation Department recommended a 6-level increase, pursuant to § 2A4.1(b)(1) of the Guidelines. In addition, the Probation Department recommended an additional 2-level increase under § 2A4.1(b)(3) because the jury also found that a dangerous weapon was used in connection with the offense. Because Peralta-Ramirez had no criminal history points, his base offense level was calculated at 40, which called for a range of imprisonment from 292 to 365 months.[2] After considering all of the parties' arguments, the Court sentenced Peralta-Ramirez at the lowest end of the applicable

---

[2]  *See* Final Presentence Investigation Report (Doc. # 235).

Guidelines range to serve a total of 292 months in prison.

On direct appeal, Peralta-Ramirez challenged the sufficiency of the evidence for his conviction for hostage-taking as outlined in counts four and five of the superseding indictment. The Fifth Circuit rejected all of his claims and affirmed the conviction and sentence in a joint appeal. *See United States v. Ibarra-Zelaya*, 465 F.3d 596 (5th Cir. 2006). Subsequently, the United States Supreme Court denied Peralta-Ramirez's petition for a writ of certiorari. *See Peralta-Ramirez v. United States*, — U.S. —, 127 S. Ct. 992 (2007).

Peralta-Ramirez now argues that he is entitled to relief from his conviction and sentence under 28 U.S.C. § 2255 for the following reasons: (1) he was denied effective assistance of counsel in connection with his trial and sentencing; (2) he was denied due process in the form of a downward departure in sentence under the "Fast Track Program"; (3) the government presented evidence at trial in violation of the Confrontation Clause; and (4) his conviction was obtained in violation of the Speedy Trial Act, 18 U.S.C. § 3282. The government has filed a motion to dismiss, arguing that Peralta-Ramirez is not entitled to relief. The parties' contentions are discussed below under the governing standard of review.

## II.   <u>STANDARD OF REVIEW</u>

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of

4

convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. To establish "cause," a defendant must show that some external impediment prevented him from raising his claim on direct appeal. *See United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 170). In order to establish "prejudice," the defendant must demonstrate "an actual and substantial disadvantage," such that the integrity of the entire underlying proceeding was infected with "error of constitutional dimension." *Id.*

"Other types of error may not be raised in a collateral attack, unless the defendant demonstrates that 'the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice.'" *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting *Shaid*, 937 F.2d at 232 n.7). "If the defendant does not meet this burden . . . , he is procedurally barred from attacking his conviction." *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992). Importantly, however, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

Peralta-Ramirez proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997).  However, *pro se* litigants are still required to provide sufficient facts in support of their claims.  *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   DISCUSSION

### A.   Ineffective Assistance of Counsel

Peralta-Ramirez argues that he is entitled to relief from his conviction because he was denied effective assistance of counsel at his trial, sentencing, and direct appeal.  Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficience.  *See Williams v. Taylor*, 529 U.S. 390, 390–91 (2000); *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in

the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

Counsel's performance must fall below an objective standard of reasonableness to be constitutionally deficient. *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (citing *Strickland*, 466 U.S. at 687–688). Judicial scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." There is a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996) (citing *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993)).

Even if defense counsel committed substantial error, a defendant must still demonstrate actual prejudice as a result of his counsel's deficient performance. Performance is prejudicial only if "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005). A "reasonable probability" is a probability sufficient to undermine confidence in the reliability of the verdict. *See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Little v. Johnson*, 162 F.3d 855, 860–61 (5th Cir. 1998)).

In this case, Peralta-Ramirez was represented at trial and on direct appeal by local criminal defense attorney Yolanda Coroy. Peralta-Ramirez raises numerous claims against Coroy, alleging that she was deficient for the following reasons: (1) to conduct an adequate investigation or to otherwise prepare for trial; (2) to properly cross-examine a witness to

establish that he was "never armed" during the commission of the offense; (3) to raise an objection under the Confrontation Clause to out-of-court statements allegedly introduced at trial; (4) to object to "multiplicity of counts" in the indictment; (5) to request a psychiatric evaluation; and (6) to seek a plea agreement before trial.  In addition, Peralta-Ramirez complains further that Coroy failed to object to sentencing enhancements found in the PSR and to withdraw as his appointed counsel for purposes of the appeal.  The government has provided an affidavit from Coroy refuting each of these allegations, which are addressed briefly below.

### 1.    Failure to Conduct an Adequate Investigation

Peralta-Ramirez complains that Coroy was deficient because she failed to interview all of the alleged hostages or to otherwise prepare adequately for trial.  In her affidavit to the Court, Coroy insists that she spent "numerous hours in the jail facility where the aliens were detained interviewing said alien witnesses in preparation for trial."  (Doc. # 449, Affidavit).  Coroy reports that she also participated in depositions of the witnesses, which lasted several hours over a period of three days.  (*Id.*).  With regard to her pre-trial preparation, Coroy reports further that she "expended numerous hours on [Peralta-Ramirez's] case, interviewing witnesses, researching the law, developing strategy, preparing trial notebooks, interviewing [Peralta-Ramirez] several times at the detention center, trying to locate character witnesses, driving to his place of employment in Houston to locate his employer, and reviewing the [g]overnment's evidence to prepare for trial."  (*Id.*).

A defendant who alleges a failure to investigate or prepare on the part of his counsel

must state with specificity what the investigation would have revealed and how it would have benefitted his defense. *See United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir.) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).  Peralta-Ramirez, who provides no facts in support of his claim, fails to indicate what else his counsel could have done to prepare or to show how additional investigation would have changed the result.  His unsupported allegations of ineffective assistance are insufficient to establish deficient performance or actual prejudice. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir.) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue), *cert. denied*, — U.S. —, 128 S. Ct. 456 (2007); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (quoting *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998)).  Accordingly, Peralta-Ramirez fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

## 2. Failure to Properly Cross-Examine a Witness

Peralta-Ramirez complains that Coroy was deficient because she failed to properly cross-examine a witness to establish that he was "never armed" during the commission of the offense.  In response to this allegation, Coroy notes that she cross-examined the government's main witness on this issue, Sergeant Jay R. Chase, regarding the number of weapons that were found at the scene where the smuggled aliens were being held for ransom. (Doc. #449, Affidavit).  The record shows that Sergeant Chase testified that several firearms

were recovered from that location.  (Court Reporter's Record, Oct. 13, 2004, at 278). The record also reflects that, on cross-examination by Coroy, Sergeant Chase confirmed that no weapons were found in Peralta-Ramirez's possession.  (Court Reporter's Record, Oct. 14, 2004, at 72).

Peralta-Ramirez does not suggest what other questions Coroy could have asked.  After reviewing the record, the Court is not persuaded that Coroy was deficient for failing to ask valid questions on cross-examination or that Peralta-Ramirez was prejudiced by her trial strategy.  *See Strickland*, 466 U.S. at 689 (Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). Absent a showing of deficient performance and actual prejudice, Peralta-Ramirez fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 3.     Failure to Raise a Confrontation Clause Objection

Peralta-Ramirez complains that Coroy was deficient because she failed to raise an objection under the Confrontation Clause to out-of-court statements that were allegedly introduced during trial.  The Confrontation Clause found in the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The right to confrontation bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify" and the defendant had "a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Thus, the Sixth Amendment guarantees a defendant's right to rebut the government's

10

evidence through cross-examination.  *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir.

2005) (citing *Webb v. Texas*, 409 U.S. 95 (1972) (per curiam) (citations omitted)).

Coroy notes that only one out-of-court statement was introduced at trial.  (Doc. # 449,

Affidavit).  That statement was made by government witness Miguel Pacheco-Manchame,

who was one of the smuggled aliens held for ransom by the defendants.  Coroy notes that

Pacheco-Manchame testified as a witness and that she cross-examined him at length

regarding his out-of-court statement.  (*Id.*).  Thus, Coroy explains that she did not object

because the statement was not used in violation of the Confrontation Clause.  (*Id.*).

The record confirms that Pacheco-Manchame testified and that Coroy had ample

opportunity to cross-examine him regarding the contents of his statement.  (Court Reporter's

Record, Oct. 18, 2004, at 25-42).   Based on this record, Peralta-Ramirez does not

demonstrate that a violation of the Confrontation Clause occurred or that his counsel had a

valid objection to make.  Absent a showing that counsel failed to raise a meritorious

objection and that the outcome would have been different, the defendant fails to demonstrate

deficient performance or actual prejudice.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th

Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument)

(citation omitted).  Because Peralta-Ramirez has failed to demonstrate deficient performance

or actual prejudice, he fails to show that he is entitled to relief under 28 U.S.C. § 2255 on this

issue.

### 4.    Failure to Object to the Indictment

Peralta-Ramirez complains that Coroy was deficient because she failed to object to

11

the "multiplicity of counts" in the indictment.  Peralta-Ramirez does not provide any specific facts in support of this allegation.  He does not show that the indictment, which alleged five separate and distinct prohibited acts, was defective or that his counsel had a valid objection to make.  *See United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007) ("In deciding whether an indictment is multiplicitous, [courts] look to whether separate and distinct prohibited acts, made punishable by law, have been committed.").  Accordingly, Peralta-Ramirez fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 5.   Failure to Request a Psychiatric Evaluation

Peralta-Ramirez complains that Coroy was deficient because she failed to request a psychiatric evaluation.  In response, Coroy explains that she did not request such an evaluation because Peralta-Ramirez "never exhibited signs that gave [her] any belief, reasonable or otherwise, that [Peralta-Ramirez] may have been suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  (Doc. # 449, Affidavit).

In support of this claim, Peralta-Ramirez notes that he had a "traumatic childhood in Honduras and that he was under duress and extreme pressure" because he was the youngest defendant in this case.[3]  These allegations do not show that Peralta-Ramirez suffered from

---

[3]      In his reply to the government's motion to dismiss, Peralta-Ramirez alleges for the first time that his counsel was deficient for failing to file a motion to sever his trial from the older, more culpable defendants in this case.  (Doc. # 451, at 5).  By not including this allegation in his motion for relief under 28 U.S.C. § 2255, Peralta-Ramirez has failed to present this
(continued...)

a mental disease or defect of the type that warranted a psychiatric evaluation.  *See* 18 U.S.C.

§ 4241(a) (governing psychiatric or psychological evaluations for a defendant who may

presently be suffering from a mental disease or defect rendering him mentally incompetent

to the extent that he is unable to understand the nature and consequences of the proceedings

or to assist properly in his defense).  The record reflects that counsel raised all of the factors

referenced by Peralta-Ramirez in a written sentencing memorandum in an effort to reduce

her client's sentence.  (Doc. # 204, at 5-9).  Thus, Peralta-Ramirez does not demonstrate that

his counsel was deficient or that he was actually prejudiced by the alleged failure to seek a

psychiatric evaluation.  Accordingly, Peralta-Ramirez fails to demonstrate that he is entitled

to relief under 28 U.S.C. § 2255 on this issue.

### 6.    Failure to Seek a Plea Agreement

Peralta-Ramirez complains that Coroy was deficient because she failed to seek a plea

agreement with the government.  Coroy replies that the government informally offered

Peralta-Ramirez the opportunity to cooperate in exchange for a negotiated plea agreement.

(Doc. # 449, Affidavit).  Peralta-Ramirez, however, "refused to enter into discussions or seek

a plea and wanted, instead, to proceed to trial."  (*Id.*).  Coroy notes that it is her practice to

---

[3]        (...continued)
claim properly and the Court need not consider it.  Alternatively, the claim is without merit
because Peralta-Ramirez does not allege or show that he asked his counsel to request a
severance.  Further, Peralta-Ramirez does not allege facts showing that he was entitled to a
severance under the circumstances.  *See, e.g., Zafiro v. United States*, 506 U.S. 534, 537
(1993) (noting that "[t]here is a preference in the federal system for joint trials of defendants
who are indicted together," particularly in conspiracy cases).  Therefore, he does not
demonstrate that his attorney was deficient or that he was actually prejudiced by the alleged
failure to file such a motion.

defer all "decisions regarding trial or plea completely to [her] clients" and that, consistent with this practice, she presented Peralta-Ramirez with a generic form document explaining § 5K1 of the Sentencing Guidelines, which affords the possibility of a downward departure for acceptance of responsibility by pleading guilty and providing substantial assistance to the government.  (*Id.*).

Peralta-Ramirez does not allege facts showing that he wanted to plead guilty rather than go to trial.  His conclusory allegations are not sufficient to establish that he received ineffective-assistance or to demonstrate a constitutional violation.  *See Demik*, 489 F.3d at 646.  Accordingly, Peralta-Ramirez fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 7.    Failure to Object to the PSR

Peralta-Ramirez complains that Coroy was deficient because she failed to object to sentencing enhancements found in the PSR or to present evidence for purposes of sentencing under the factors listed at 18 U.S.C. § 3553(a).[4]  Coroy reports that she filed objections to the PSR along with a sentencing memorandum and that she argued the relevant factors for the Court's consideration at the sentencing hearing.  (Doc. # 449, Affidavit).  The record

---

[4]    In addition to considering "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a) requires that a district court shall impose a sentence "sufficient but not greater than necessary" to comply with several other enumerated factors, including the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"  18 U.S.C. § 3553(a)(2).

confirms that Coroy filed objections to the PSR and a separate memorandum in support of her request for a downward departure in sentence, which included briefing on the factors found at 18 U.S.C. § 3553(a).  (Docs. # 196, # 204).  The record also shows that Coroy referenced the relevant factors found at § 3553(a) during the sentencing hearing.  (Doc. # 334).

Peralta fails to show that his counsel failed to raise a particular objection or argument in connection with his sentencing proceeding and he does not otherwise demonstrate that the sentence was imposed in error as a result of any deficiency on his counsel's part.  Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, the petitioner fails to demonstrate deficient performance or actual prejudice. *See Parr*, 472 F.3d at 256.  Accordingly, Peralta-Ramirez fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 8.    Failure to Withdraw as Counsel on Direct Appeal

Peralta-Ramirez complains that Coroy was deficient because she failed to withdraw as his appointed counsel for purposes of the appeal.  Coroy explains that she did not file a motion to withdraw because she "never received notice from [Peralta-Ramirez] that he either 'wanted a different lawyer' for the appeal or that he wanted me to withdraw."  (Doc. # 449, Affidavit).

The record does not contain any written request or other similar correspondence from Peralta-Ramirez asking the Court to appoint a different attorney for his appeal.  Accordingly, Peralta-Ramirez fails to show that Coroy was deficient for failing to withdraw.  Likewise,

for reasons discussed further below, Peralta-Ramirez does not establish that he was prejudiced or that he was otherwise denied effective assistance of counsel on appeal.  *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal).  In that respect, Peralta-Ramirez fails to show that his appellate counsel was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  He further fails to demonstrate a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal."  *Id.*  Absent a showing of deficient performance or actual prejudice, Peralta-Ramirez fails to articulate a valid claim for ineffective assistance of counsel on appeal or to show that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### B.    Remaining Claims — Procedural Default

In addition to his claims of ineffective-assistance, Peralta-Ramirez alleges that his sentence violates due process, that the government presented evidence in violation of the Confrontation Clause, and that conviction was obtained in violation of the Speedy Trial Act. The government correctly notes that all of these remaining claims are barred by the doctrine of procedural default as the result of his failure to raise these claims on direct appeal.

Under the doctrine of procedural default, a § 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for purposes of collateral review.  *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000)).  When a defendant has

procedurally defaulted a challenge by failing to raise error properly on direct appeal, the claim may be raised in a § 2255 motion only if the defendant can first demonstrate (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Peralta-Ramirez does not show that he is actually innocent and the record refutes any such claim.  In an effort to establish cause, Peralta-Ramirez blames his appellate attorney for failing to present the above-referenced claims on appeal.  Although ineffective assistance of counsel can constitute cause for a procedural default, "[n]ot just any deficiency will do . . . ." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  "[T]he assistance must have been so ineffective as to violate the Federal Constitution." *Id.*  For reasons discussed further below, Peralta-Ramirez fails to show that his defaulted claims have merit.  Accordingly, he does not demonstrate that his counsel was ineffective for failing to raise these claims on direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).  More importantly, he does not demonstrate the requisite cause or actual prejudice necessary to excuse his procedural default.  As a result of his procedural default, Peralta-Ramirez cannot show that he is entitled to relief under 28 U.S.C. § 2255 on any of his remaining claims, the merits of which are examined briefly below.

### 1.    Peralta-Ramirez's Due Process Claim is Without Merit

Peralta-Ramirez alleges he was denied due process at sentencing because, as an alien subject to deportation, he was not given a 4-level downward departure under the "Fast Track Program" or a 2-level downward departure under a Memorandum signed by the Attorney

General on April 21, 1995, which reportedly authorized a reduction in sentence for defendants willing to stipulate to an "uncontested deportation."[5]   As noted above, this claim is procedurally barred because Peralta-Ramirez failed to present this issue on direct appeal. Alternatively, this claim lacks merit.

Peralta-Ramirez does not show that he was eligible for the downward departures that he seeks.  First, as to his contention that he should be afforded relief under the "Fast Track Program," Peralta-Ramirez misapprehends the purpose of that program, which is to speed up the adjudication of certain non-violent offenses.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir. 2008).  The offense in count four was a violent offense and, therefore, the Fast Track Program was inapplicable to Peralta-Ramirez.  Further, in exchange for sentencing concessions, a defendant eligible for a reduced sentence under the Fast Track Program agrees to, *inter alia*, "expedited disposition, waiver of pre-trial motions by the defendant, waiver of appeal, and waiver of the right to habeas corpus."  *Id.* at 561.  "Fast track disposition is generally commenced by an offer from the government to enter into a plea agreement."  *Id.*  In this case, Peralta-Ramirez proceeded to trial and he has pursued both appellate and habeas relief.  He fails to show that he is otherwise eligible for a reduced sentence under the Fast Track Program.

Peralta-Ramirez likewise fails to show that, prior to trial, he stipulated to an uncontested deportation, making him potentially eligible for a reduced sentence based on the

---

[5]      Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 437), at 6.

United States Attorney General's Memorandum of April 21, 1995.  Accordingly, Peralta-Ramirez fails to show that he was entitled to a reduction in sentence for this reason.  It follows that Peralta-Ramirez fails to show that his sentence was imposed in violation of his right to due process.

### 2.  Peralta-Ramirez Fails to Establish a Violation of the Sixth Amendment Confrontation Clause

Peralta-Ramirez complains further that the government violated his rights under the Confrontation Clause of the Sixth Amendment because, while only three of the eleven hostages testified at his trial, statements from all the victims were introduced and used against him.  As noted above, this claim is procedurally barred by Peralta-Ramirez's failure to raise this issue on direct appeal.  Alternatively, for reasons discussed previously in connection with Peralta-Ramirez's ineffective-assistance claim, he fails to establish a violation of the Confrontation Clause in this instance.  In that respect, Peralta-Ramirez's contention that out-of-court statements from non-testifying witnesses were introduced and used against him at trial is unsupported by the record.  The only statement introduced into evidence was that of Miguel Pacheco-Manchame.  The record reflects that this statement was used to impeach Pacheco-Manchame during cross-examination.  This does not constitute a Confrontation Clause violation.

In a related allegation, Peralta-Ramirez complains that the government violated the Confrontation Clause because certain victims were "immediately deported" to prevent them from testifying in his favor.  This allegation, which implicates the Sixth Amendment right

to compulsory process, fails to demonstrate a constitutional violation in this instance.

To establish a violation of the Sixth Amendment right to compulsory process under these circumstances, a criminal defendant must make a "plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses." *United States v. Perez*, 217 F.3d 3223, 326 (5th Cir. 2000) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982)). The record reflects that Peralta-Ramirez's counsel had an opportunity to interview all of the material witnesses.  (Doc. # 449, Affidavit).  All of the aliens who were detained were made available for depositions by the defendants' counsel.  Peralta-Ramirez fails to show that any of these witnesses would have given favorable testimony if called at trial.[6]  Thus, Peralta-Ramirez does not show that he was deprived of the ability to present favorable testimony from these witnesses or that a constitutional violation occurred.  *See Perez*, 217 F.3d at 326-27.  Accordingly, to the extent that this claim is not procedurally barred, Peralta-Ramirez fails to show that he is entitled to relief under 28 U.S.C. § 2255.

### 3. Peralta-Ramirez Fails to Establish a Violation of the Speedy Trial Act

---

[6]      Peralta-Ramirez fails to provide specific facts in support of his allegation that the government deprived him of "favorable" testimony by deporting material witnesses.  Peralta-Ramirez has neither identified the missing witnesses nor articulated specific facts about what, if anything, these witnesses would have stated.  Moreover, he does not show that their testimony would have altered the outcome of his case.  The Fifth Circuit has emphasized that complaints of uncalled witnesses are not favored on collateral review "because allegations of what a witness would have testified are largely speculative." *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007).  Peralta-Ramirez's conclusory assertion that the deported witnesses would have provided testimony that was favorable to his defense is not sufficient to establish a claim.

Finally, Peralta-Ramirez alleges violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 and asserts that the Government impermissibly delayed bringing him to trial.[7] As with his due process and Confrontation Clause claims, this claim is procedurally barred as the result of Peralta-Ramirez's failure to raise this issue prior to trial or on direct appeal. Alternatively, this claim lacks merit.

The Speedy Trial Act generally requires a trial to begin within seventy days of the filing of an indictment.  *See* 18 U.S.C. § 3161(c)(1).  However, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."  *Zedner v. United States*, 547 U.S. 489, 499 (2006).  Thus, the Act includes a long and detailed list of periods of delay that are excluded when computing the time within which a defendant's trial must commence.  *See* 18 U.S.C. § 3161(h).  Among these are "delay resulting from any pretrial motion," 18 U.S.C. § 3161(h)(1)(F), "delay reasonably attributable to any period . . . during which any proceeding concerning the defendant is

---

[7]    Peralta-Ramirez asserts that "[t]he statute of limitations per 18 U.S.C. § 3282 was violated [sic]" when the superseding indictment was filed.  *See* Defendant's Motion under 28 U.S.C. § 2255 (Doc. # 437) at 9.  This provision of the United States Code states:

> [N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282(a).  Because Peralta-Ramirez went to trial approximately seven months after the alien-smuggling incident at issue in this case, he does not establish a violation of the statute of limitations found at § 3282(a).  Instead, Peralta-Ramirez appears to claim that his proceeding violated the Speedy Trial Act, codified at 18 U.S.C. § 3161(c)(1), which establishes a seventy-day period for commencement of trial.  Thus, the Court construes this claim as alleging a violation of the Speedy Trial Act.

actually under advisement by the court," 18 U.S.C. § 3161(h)(1)(J), and certain reasonable periods of delay attributable to a co-defendant, 18 U.S.C. § 3161(h)(7). The Court may also exclude delay "resulting from a continuance granted by any judge, . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8); *see United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007).

The initial indictment against Peralta-Ramirez and his co-defendants is dated April 15, 2004. Trial commenced with jury selection on October 13, 2004. Between the date of the indictment and the beginning of the trial, Peralta-Ramirez and his co-defendants filed numerous pre-trial motions, including a motion to suppress, which delayed the start of trial and tolled the speedy trial clock. *See United States v. Green*, 508 F.3d 195, 199 (5th Cir. 2007) (discussing types of delay resulting from pretrial motions, which are excluded under the Speedy Trial Act), *cert. denied*, — U.S. —, 128 S. Ct. 2871 (2008). For example, at a pretrial hearing on June 1, 2004, the Court noted that one of Peralta-Ramirez's co-defendants required the appointment of new counsel. (Doc. # 64). At a hearing on June 30, 2004, the Court also noted that appointment of counsel was needed for material witnesses who were being detained prior to trial. In that hearing, the Court concluded that the ends of justice warranted a finding of excludable delay that commenced on June 1, 2004, continuing until trial, because of the time required to complete this process. (Doc. # 69). Under these circumstances, Peralta-Ramirez fails to establish a violation of the Speedy Trial Act. *See Zedner*, 547 U.S. at 500 ("Among the factors that a district court must consider in deciding

22

whether to grant an ends-of-justice continuance are a defendant's need for 'reasonable time to obtain counsel' . . . .").

Peralta-Ramirez also complains that the government filed a superseding indictment on September 2, 2004, outside of the time period provided in the Speedy Trial Act. (Doc. # 108). To the extent Peralta-Ramirez complains that the Government impermissibly delayed filing the superseding indictment against him, the Court notes that filing a superseding indictment more than 30 days after an earlier indictment, which was predicated on the same acts as the original charging instrument, does not violate the Speedy Trial Act. *See United States v. Perez*, 217 F.3d 323, 329 (5th Cir. 2000) (citing *United States v. Castellano*, 848 F.2d 63, 65 (5th Cir. 1988)). Accordingly, Peralta-Ramirez fails to establish a violation of the Speedy Trial Act on these grounds or to show that he is entitled to any relief under 28 U.S.C. § 2255.

## IV.   **MOTION FOR RECONSIDERATION**

Peralta-Ramirez seeks reconsideration of the Court's decisions denying him a free copy of his "complete criminal file."[8]  That decision has been affirmed on appeal and is not properly the subject of a motion for reconsideration. *See United States v. Peralta-Ramirez*, 266 F. App'x 360 (5th Cir. 2008). To the extent Peralta-Ramirez renews his request for free copies, he fails to allege specific facts showing that copies of court documents are needed to support his claims. Accordingly, his request is denied.

---

[8]     *See* Order of March 14, 2007 (Doc. # 402); Order of April 11, 2007 (Doc. # 404).

## V.    REQUEST FOR EVIDENTIARY HEARING

Peralta-Ramirez has also requested an evidentiary hearing on his § 2255 motion.  A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, the files, and the records of the case conclusively show that the petitioner is entitled to no relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (citing *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)).  In this case, the record is adequate to dispose fairly of the allegations made by Peralta-Ramirez.  A district court need inquire no further on collateral review.  Therefore, Peralta-Ramirez's request for an evidentiary hearing is denied.

## VI.    CERTIFICATE OF APPEALABILITY

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability ("COA") is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue.

**VII.   CONCLUSION**

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255.  Accordingly, the Court **ORDERS** as follows:

25

1.    The government's motion to dismiss (Doc. # 450) is **GRANTED**.

2.    The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. # 437) is **DENIED** and the corresponding civil action (H-07-4582) is **DISMISSED** with prejudice.   The defendant's motion for reconsideration of his request for a free copy of his "complete criminal file" (Doc. # 448) is also **DENIED**.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-07-4582).

SIGNED at Houston, Texas, on <u>October 16</u>, 2008.


Nancy F. Atlas
United States District Judge

26